SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
CHRISTOPHER VAN GUNDY, Cal. Bar No. 152359
ABBY H. MEYER, Cal. Bar No. 294947
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E-mail:       cvangundy@sheppardmullin.com
              ameyer@sheppardmullin.com

Attorneys for Plaintiff BLEND, LLC,
a California limited liability company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BLEND, LLC, a California limited liability company,<br><br>         Plaintiff,<br><br>    v.<br><br>GLENWOOD SMOKED PRODUCTS, INC., an Idaho corporation, GLENWOOD SNACKS, LLC, an Idaho limited liability company, MITCH SCOTT, an individual, CLARK SCOTT, an individual, KOLBAN SCOTT, an individual, SCOTT ZABRISKIE, an individual, and DANIEL HALLER, an individual,<br><br>         Defendants. | Case No. 19-cv-03834-DMR<br><br>**SECOND JOINT CASE MANAGEMENT CONFERENCE STATEMENT PURSUANT TO FED. R. CIV. P. 26(f) AND CIVIL L.R. 16-9**<br><br>Hearing Date:  March 4, 2020<br>Time:          1:30 pm<br>Ctrm.:         4<br>               1301 Clay Street<br>               Oakland, California 94612<br>Judge:         Honorable Donna M. Ryu |

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, Civil L.R. 16-9 and the Standing Order for All Judges of the Northern District of California, Plaintiff BLEND, LLC ("Plaintiff" or "Blend") and Defendants GLENWOOD SMOKED PRODUCTS, INC. ("Glenwood Smoked Products"), GLENWOOD SNACKS, LLC ("Glenwood Snacks"), MITCH SCOTT, CLARK SCOTT, SCOTT ZABRISKIE, and DANIEL HALLER (collectively, "Defendants," and together with Plaintiff, the "Parties"), by and through their respective counsel, have met and conferred and hereby submit the following Second Joint Case Management Statement (the "Joint Statement").

## 1. JURISDICTION AND SERVICE

By order dated January 9, 2020, this Court denied Defendants' motions to transfer the case and/or change venue. (*See* Dkt. 54.) This Court has jurisdiction and venue over the Parties and the claims and defenses in this action.

## 2. FACTS

### a. Plaintiff's Statement

On April 1, 2016, Blend and Defendant Glenwood Smoked Products entered into a certain Recipe/Formulation Agreement (the "Agreement") for the development of "Barbacoa" beef and pork jerky products ("Jerky Products"). "Barbacoa" refers to a Mexican-style barbeque and spice flavor profile for jerky. (*See* Dkt 1-1). Defendants Mitch Scott and Clark Scott were controlling officers, directors, shareholders, or managing agents of Glenwood Smoked Products.

Pursuant to the Agreement, Glenwood Smoked Products agreed to "create jerky recipes for Blend according to blend's [sic] specifications on texture, flavor, type of meat, nutrient content and any other requests pertaining to recipe development." (*See* Dkt 1-1.) Per the Agreement, "[s]hould Blend choose to use any of these recipe(s) developed by Glenwood for any reason, including manufacturing outside of Glenwood's services, Glenwood agree[d] to provide all recipe development/formulations to Blend LLC." (*Id.*) Glenwood Smoked Products also undertook to make all submissions to the U.S. Department of Agriculture ("USDA") for mandatory pre-market approval of labeling,

including the ingredient statement, and to ensure that the packaged product conformed to the USDA-approved labeling.

Between July 2016 and December 2017, certain Jerky Products ingredients, processing instructions, and package labeling, were developed, submitted to USDA by Glenwood Smoked Products, approved, then manufactured by Glenwood Smoked Products, and brought to market by Blend.  Blend developed a significant customer base for the Jerky Products, including a confirmed large purchase order from Costco Australia. Unbeknownst to Blend, however, the ingredient changes made by Glenwood Smoked Products to accommodate Blend's desired product profile after USDA approval required submission of new labeling forms to USDA, which Glenwood Smoked Products never made.

In January 2018, Glenwood Smoked Products sold substantially all of its assets, including its manufacturing facility, to Glenwood Snacks.  Glenwood Snacks is therefore the successor-in-interest to the Recipe Agreement and accrued all benefits and obligations of the Agreement.  Defendants Scott Zabriskie and Daniel Haller are among Glenwood Snacks' controlling officers, directors, shareholders, or managing agents.

In or about January, 2018, Glenwood Snacks manufactured Jerky Products for Blend using the recipes it obtained from Glenwood Smoked Products.  Glenwood Snacks either never checked to see if the recipes matched what was on file with USDA, as is legally required, or never bothered to obtain new approvals.  For many years prior to taking over the Glenwood Smoked Products' business, Glenwood Snacks manufactured and distributed its own line of competing jerky products, and decided in the early part of 2018 no longer to manufacture the Barbacoa products.

Once Glenwood Snacks decided no longer to manufacture the Jerky Products, it was critical for continued distribution of the Jerky Products that Glenwood Snacks turn over to Blend complete recipe information without delay because Blend never had manufacturing capability of its own, and would need to line up a new manufacturer in short order.  The Recipe Agreement expressly provided that if Blend wanted to

manufacture the product without Glenwood Snacks and demanded the recipes, Glenwood Snacks was required to "turn over *all* recipe development/formulations," and broadly defined "formulations" to mean "ingredients, specifications, manufacture of ingredients, processing steps including order of process, weights, measures, time temperature, etc., and any application methods relevant to flavoring the jerky."  The complete USDA file that Glenwood Snacks possessed for the Barbacoa products was part of the "all" in "all recipes development/formulations," because it contained the submitted ingredients and processing instructions for the Jerky Products.

On or about January 18, 2018, Blend first demanded that Glenwood Snacks turn over complete Recipe information as was its right under the Agreement.  Despite knowing of Blend's customer base and the confirmed Costco Australia purchase order, Glenwood Snacks refused to turn over basic information for approximately one month, and then only basic recipe information, and only over the course of the next several months did Glenwood Snacks release processing instructions and information regarding the spices, and never turned over the complete USDA file.  Not only did the USDA file contain ingredient and processing information, but the complete file was required for another manufacturer to make the Jerky Products without delay.

Glenwood Snacks erroneously claims that a new manufacturer needed its own USDA approval to make the Jerky Products, but that is wrong, as a USDA website makes clear.  Glenwood Snacks' failure to ensure that the ingredients used to make the products matched the USDA file (or to point out the mismatch to Blend in January 2018 and/or to correct the situation), and its failure timely to turn over complete recipe/formulations to Blend, including the complete USDA file, prevented Blend from continued production, distribution and sales of the Jerky Products, and caused Blend significant loss of future sales and investment in the Jerky Products, as more fully explained in the Complaint.

Defendants' actions constituted breaches of their contractual, fiduciary, and tort duties owed to Blend, entitling Blend to compensatory damages, restitution, and punitive damages.

     **b.**    **Defendants' Statement (Defendants Glenwood Snacks, LLC, Scott Zabriske, and Daniel Haller)**

Plaintiff Blend and Glenwood Smoked Products, Inc. (GSP), entered into an agreement known as the Recipe/Formulation Agreement in April 2016. Pursuant to the terms of that agreement, GSP developed jerky recipes for Blend. That work was completed in 2017. As consideration for their efforts, GSP held a right of first refusal to manufacture jerky on the recipes they developed for Blend.

Blend and GSP entered into a Manufacturing Agreement in July 2016 that was meant to govern the GSP's production of jerky product for Blend.

In late November 2018, 3S Snacks, LLC executed a purchase agreement with GSP by which 3S Snacks acquired some assets of GSP. These included GSP's manufacturing facility, which 3S Snacks operated under the name Glenwood Snacks. The purchase agreement was effective January 1, 2018. Perry Abadir of Blend was notified of the purchase on January 2, 2016 and was advised that the Glenwood facility was under new management and was invited to meet with them.

On January 4, 2016, Blend was informed that the Manufacturing Agreement was being transferred to Glenwood Snacks. Pursuant to that agreement, Blend's written consent was necessary for the transfer of "any rights and obligations" established by the agreement. Consent was not forthcoming. In fact, Perry Abadir refused to acknowledge the new management group at Glenwood and expressly repudiated the existence of any agreements between Blend and Glenwood Snack, stating on February 14, 2018, "We will only do business as the current agreements ,emails and Verbal agreements in good faith between -Clark Scott and Mitch Scott ,Kolban Scott .Perry Abadir ,David NGO, Blend LLC."

Concurrent with the repudiation of any agreement between Blend and Glenwood Snacks, Blend requested delivery of the recipes for their line of jerky. The request was made on February 14, 2018. Glenwood Snacks delivered the recipes on February 16,

2018. The information delivered to Blend on February 16, 2018 was sufficient for a knowledgeable manufacturer to begin production of the subject jerky brands.

Glenwood Snacks did not have a competing line of jerky products and there will be no evidence that Glenwood Snacks subverted Blend's relationship with any distribution outlet. Glenwood Snacks is informed and believes that the failure of Blend's products was the result of the business practices of Perry Abadir and others at Blend, as well as other factors not related to Glenwood Snacks.

      **c.**      **Defendants' Statement (Glenwood Smoked Products, Inc., Mitch Scott, and Clark Scott)**

Defendants Glenwood Smoked Products, Inc., Mitch Scott, and Clark Scott join in the above statement of the other defendants. In addition to what the other defendants have stated, these defendants aver that they, at all times, faithfully executed their obligations under the Agreement. This compliance included, but is not limited to: providing and/or being willing to provide recipes to Blend; providing and/or being willing to provide recipes to Glenwood Snacks, LLC and/or its individual shareholders, agents, managers, etc.; complying with USDA regulations; and correctly labeling products within accepted USDA and industry standards.

These defendants do not concede that Blend experienced any issues with respect to the product; however, in the event Blend experienced issues, the problems stemmed solely from the actions of Blend. Specifically, any mold was due to Blend's decisions with respect to packaging. Glenwood Smoked Products, Inc. warned Blend that its packaging practices failed to meet industry standards. These defendants additionally assert that Blend's problems, if any, stemmed from poor business practices, including, but not limited to, failing to pay suppliers and vendors in a timely manner, not following industry standards with respect to packaging, and failing to communicate with business partners.

**3.   LEGAL ISSUES**

Following meet and confer, the Parties agree that this is largely a factual dispute. However, there is a legal question now about whether Defendant Glenwood Snacks is the

legal successor-in-interest to Glenwood Smoked Product's rights, duties, and obligations under the Recipe Agreement and Manufacturing Agreement.

## 4. MOTIONS

### a. Pending Motions

There are no motions pending at this time.

### b. Anticipated Motions

#### i. Plaintiff's Position

Plaintiff is considering filing a motion for summary judgment or motion for judgment on the pleadings, requesting that the Court find that Defendant Glenwood Snacks is the legal successor-in-interest to Glenwood Smoked Product's rights, duties, and obligations under the Recipe Agreement and Manufacturing Agreement.

While Plaintiff is still meeting and conferring with Glenwood Snacks on several categories of interrogatories and requests for production of documents, it is appearing likely that Plaintiff will have to move to compel on certain of the categories.

#### ii. Defendants' Position (Defendants Glenwood Snacks, LLC, Scott Zabriske, and Daniel Haller)

Defendants are meeting and conferring with Plaintiff with respect to certain discovery items and anticipate, given the constructive working relationship between the parties, that the majority of those issues will be resolved.

#### iii. Defendants' Position (Defendants Glenwood Smoked Products, LLC, Mitch Scott, and Clark Scott).

These defendants may file a motion for summary judgment.

## 5. AMENDMENT OF PLEADINGS

By Order dated October 16, 2019, the last date to amend pleadings was December 16, 2019. (*See* Dkt. 30.) By Order dated January 14, 2020, the Court struck Defendants Glenwood Snacks, Scott Zabriskie and Daniel Haller's amended answer to Blend's complaint. (*See* Dkt. 59.)

## 6. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information (the "ESI Guidelines"), and hereby each confirm that they have designated an attorney member of their respective legal teams (the "ESI Designees"), to meet and confer regarding reasonable and proportionate steps to be taken to preserve evidence relevant to the issues reasonably evident in this action, as outlined by the Guidelines for the Discovery of Electronically Stored Information.

## 7. DISCLOSURES

Plaintiff served its Initial Disclosures on the Parties on September 25, 2019.

Defendants Glenwood Snacks, Scott Zabriskie and Daniel Haller served their initial disclosures on October 9, 2019.

Defendants Glenwood Smoked Products, Mitch Scott and Clark Scott served their initial disclosures on October 16, 2019.

## 8. DISCOVERY

### a. Discovery Propounded to Date

On October 14, 2019, Plaintiff served the following written discovery:

(i)  Plaintiff's Request for Production to Glenwood Smoked Products, Set One;

(ii) Plaintiff's Request for Production to Glenwood Snacks, Set One;

(iii)  Plaintiff's Request for Production to Mitch Scott, Set One;

(iv)  Plaintiff's Request for Production to Scott Zabriskie, Set One;

(v)  Plaintiff's Request for Production to Clark Scott, Set One;

(vi)  Plaintiff's Request for Production to Daniel Haller, Set One;

(vii)  Plaintiff's Requests for Admission to Glenwood Smoked Products, Set One;

(viii)  Plaintiff's Requests for Admission to Glenwood Snacks, Set One;

(ix)  Plaintiff's Interrogatories to Glenwood Smoked Products, Set One; and

(x)  Plaintiff's Interrogatories to Glenwood Snacks, Set One.

Plaintiff plans to serve notices of deposition on all Defendants shortly.  Plaintiff will likely also serve third-party subpoenas for both documents and deposition testimony.

Defendants have not served any written discovery to date.

    **b.**    **Scope of Anticipated Discovery**

        i.    <u>Plaintiff's Discovery</u>

Plaintiff is seeking written, documentary, and testimonial discovery from Defendants (and likely third-parties) regarding, among other things: the recipes (both the approved formulations and any subsequent changes or variations thereto); the ingredients for, and manufacturing of, the Jerky Products; relevant communications with or related to USDA; relevant internal and external documents and communications related to Plaintiff, the recipes, and the Jerky Products; quality-related issues with the Jerky Products; damages; any competing Jerky Products; and the asset purchase agreement entered into between Glenwood Smoked Products and Glenwood Snacks.

        ii.    <u>Defendants' Discovery (Joint Statement by All Defendants)</u>

Defendants will conduct discovery consisting of written interrogatories, discovery demands and requests for admission as well as third party subpoenas and depositions of parties and third party witnesses. The subject matter of discovery will cover, *inter alia*, Blend's repudiation of all agreements with Glenwood Snacks; correspondence between the parties regarding their business relationships, including the delivery of the recipe information; Blend's business practices and how they adversely affected the performance of Blend's products; Blend's efforts, if any, to manufacture product in fulfillment of its alleged purchase orders; Blend's relationship with other vendors, manufacturers and potential clients, including Costco; and discovery related to Blend' alleged damages.

    **c.**    **Protective Order**

By Order dated January 21, 2020, the Court entered the Parties' Stipulated Protective Order. (*See* Dkt. 63.)

    **d.**    **Proposed Limitations or Modifications to the Discovery Rules**

The Parties do not propose any modifications to limits to written discovery or depositions at this time. The Parties agree that the limits on written discovery or

depositions may be modified by agreement of the Parties or by a showing of good cause to the Court.

### e. Service

The Parties hereby consent to service by email, and agree to serve any documents not filed via ECF, including pleadings, discovery requests, subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, by email to all attorneys for the receiving party then appearing on the ECF docket, at the email addresses listed thereon. Courtesy hardcopy service is acceptable, but not required and not in lieu of email service. For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

### f. Report on Planned Stipulated E-Discovery Order

At this juncture, it appears that a Stipulated Electronically-Stored Information (ESI) Order will not be necessary. Should circumstances change, the Parties will meet and confer and proffer a stipulation to the Court.

### g. Proposed Discovery Plan

By Order dated October 25, 2019, the Court set deadlines governing fact and expert discovery. (*See* Dkt. 37.)

### h. Current Discovery Disputes

At this time, there are no discovery disputes. However, as mentioned above, Plaintiff may need to file a motion to compel in order to resolve certain discovery disputes with Defendant Glenwood Snacks.

## 9. CLASS ACTIONS

This is not a class action.

## 10. RELATED CASES

There are no "related cases or proceedings" pending before another judge in the Northern District of California, or before another court or administrative body in the

United States, as defined by the Court's November 1, 2018 Standing Order For All Judges of the Northern District of California.

**11. RELIEF**

    **a.    Plaintiff's Relief**

As prayed for in the Complaint, Plaintiff seeks: (1) judgment in favor of Plaintiff and against Defendants, and each of them, on all counts; (2) compensatory, incidental, consequential and punitive damages, in the maximum amount provided by law, arising from Defendants' violations of Plaintiff's rights; (3) restitution and/or disgorgement of Defendants' profits to Plaintiff; (4) declaratory and injunctive relief; (5) pre-judgment and post-judgment interest; (6) the costs of suit incurred herein; (7) attorneys' fees and costs incurred in this action; and (8) such other and further relief as the Court may deem just and proper.

The damages themselves will consist of lost investment in the Barbacoa Jerky Products, including the costs of labeling, labeling design, general product development, lost sales, and loss of good will.  Blend will retain an expert to determine the nature and amount of damages specifically.  At this time, Blend estimates based on the information currently available to it that the claimed damages are approximately $10,000,000.

    **b.    Defendants' Statement (Joint Statement by All Defendants)**

Defendants will request that the Court enter judgment in favor of Defendants and against all claims by Plaintiff, that this matter be dismissed with prejudice and will request any other relief that the Court may deem just and proper.

**12. SETTLEMENT AND ADR**

The Parties participated in a full-day mediation before Magistrate Judge Corley on February 7, 2020.  The matter did not settle.

The Parties have complied with ADR L.R. 3-5.  Plaintiff and Defendants Glenwood Snacks, Scott Zabriskie and Daniel Haller have filed the ADR Certification forms with the Court.  (*See* Dkts. 23, 34, 35, and 40.)  Defendants Glenwood Smoked Products, Mitch Scott and Clark Scott will file their forms by March 6, 2020.

1 **13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

2 The Parties have consented to the assignment of Magistrate Judge, the Hon. Donna
3 M. Ryu, to conduct all further proceedings including trial and entry of judgment.

4 **14. OTHER REFERENCES**

5 The Parties agree that this case is not suitable for reference to binding arbitration, a
6 special master, or the Judicial Panel on Multidistrict Litigation.

7 **15. NARROWING OF ISSUES**

8 The Parties do not seek any bifurcation of issues at this time.  Should it become
9 apparent that issues may be narrowed by stipulation or motion, the Parties will consider
10 how best to do so, including with respect to suggestions that may expedite the presentation
11 of evidence at trial.

12 **16. EXPEDITED TRIAL PROCEDURE**

13 The Parties agree that this case is not suitable for handling under the Expedited
14 Trial Procedure of General Order No. 64.

15 **17. SCHEDULING**

16 By Order dated October 25, 2019, the Court has issued a scheduling order to govern
17 this matter.  (*See* Dkt. 37.)

18 **18. TRIAL**

19 By Order dated October 25, 2019, the Court has set a seven-day jury trial,
20 commencing on January 19, 2021 at 9:00 a.m.  (*See* Dkt. 37.)

21 **19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

22 Plaintiff filed its Certificate of Interested Parties and Corporate Disclosure
23 Statement on September 25, 2019.  (*See* Dkts. 24 and 25.)  Defendant Glenwood Snacks,
24 Scott Zabriskie and Daniel Haller filed their Certificate of Interested Parties and Corporate
25 Disclosure Statement on October 16, 2019.  (*See* Dkts. 27 and 28.)  Defendants Glenwood
26 Smoked Products, Mitch Scott and Clark Scott will file their forms by March 6, 2020.

27
28

**20. PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY, AND INEXPENSIVE DISPOSITION OF THIS MATTER**

The Parties have not identified any other issues to address with the Court at this time.

Dated:  February 26, 2020

                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                              By      */s/ Abby H. Meyer*
                                   CHRISTOPHER VAN GUNDY
                                   ABBY H. MEYER

                                Attorneys for Plaintiff BLEND, LLC,
                                a California Limited Liability Company

Dated:  February 26, 2020

                              MCCAFFERY HOSKING, LLP


                              By      */s/ Jeffrey D. Hosking*
                                   JEFFREY D HOSKING
                                   JASON B. SHANE

                                Attorneys for Defendants
                                GLENWOOD SNACKS, LLC, SCOTT
                                ZABRISKIE AND DANIEL HALLER

1 | Dated:  February 26, 2020

LITTLER MENDELSON, P. C.

By   */s/ Adam Bouka*
ADAM BOUKA
Attorneys for Defendants
GLENWOOD SMOKED PRODUCTS, INC.,
MITCH SCOTT and CLARK SCOTT

Dated:  February 26, 2020

MURRAY, ZIEL, & JOHNSTON, PLLC

By   */s/ Paul D. Ziel*
PAUL D. ZIEL

Attorneys for Defendant
GLENWOOD SMOKED PRODUCTS, INC.,
MITCH SCOTT and CLARK SCOTT

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, I, Abby H. Meyer, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of February, 2020, at Costa Mesa, California.

*/s/ Abby H. Meyer*
Abby H. Meyer

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____
HON. DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE