UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLEND, LLC,<br>        Plaintiff,<br>v.<br>GLENWOOD SMOKED PRODUCTS, INC., et al.,<br>        Defendants. | Case No. 19-cv-03834-DMR<br><br>**ORDER ON MOTION TO MODIFY SCHEDULING ORDER**<br>Re: Dkt. No. 141 |

Defendants Glenwood Smoked Products, Inc., Glenwood Snacks, LLC, Mitch Scott, Clark Scott, Scott Zabriskie, and Daniel Haller filed a motion to modify the case management scheduling order. [Docket No. 141.] Defendants seek extensions of the fact and expert discovery deadlines, deadline to hear dispositive motions, pretrial deadlines, and continuance of the July 21, 2021 pretrial conference and August 2, 2021 trial. Plaintiff Blend, LLC filed a "partial opposition" in which it does not oppose the request to continue the fact and expert discovery deadlines or for a "short continuance of trial," but opposes the request to continue the dispositive motion deadline. [Docket No. 143.]

The original deadline to hear dispositive motions was October 22, 2020. [Docket Nos. 30, 37.] The court continued that deadline four times, and pursuant to the court's Fifth Amended Case Management and Pretrial Order for Jury Trial, the last day for hearing dispositive motions was May 27, 2021. [Docket Nos. 78, 84, 100, 125.] Therefore, any dispositive motions were due by April 22, 2021. On March 26, 2021, the parties filed a stipulation regarding expert discovery deadlines that made reference to a request to continue the deadline to hear dispositive motions but did not propose a new date. [Docket No. 132.] The court granted the stipulation the same day, and on March 29, 2021, issued a clerk's notice clarifying that the parties' stipulation "did not

1    actually suggest a new date [by which dispositive motions must be heard], and the court therefore
2    did not grant one." [Docket No. 134.] Despite the court notifying the parties of the apparent
3    oversight, Defendants took no action to request an extension until the present motion, which they
4    filed on May 24, 2021—after the deadline to file dispositive motions had passed and almost two
5    months after the clerk's notice. Defendants' explanation for why they did not take action in
6    response to the March 29, 2021 clerk's notice is that lead counsel for each of the two groups of
7    defendants were traveling on the date of the notice. However, it is not clear why they did not
8    promptly act when they returned from traveling, or why any of the other six attorneys who
9    received electronic notice of the clerk's notice on behalf of Defendants did not respond to the
10   clerk's notice.

Defendants also argue that they "could not reasonably meet the deadline for dispositive motions in this case given the material discovery that was incomplete as of April 22, 2021 . . . and the discovery the parties still need to complete," including the completion of the depositions of Plaintiff's principals and Rule 30(b)(6) witnesses and expert discovery. Mot. 6. However, they do not describe any dispositive motions they seek to file, let alone how any outstanding discovery relates to such motions. They also do not explain how any dispositive motions would "secure the just, speedy, and inexpensive determination" of this action or further judicial economy. *See* Fed. R. Civ. P. 1.

Accordingly, the court orders the following: Defendants' unopposed motion to extend the discovery deadlines is granted. Consistent with the parties' agreement, the last day to complete the deposition of Perry Abadir and Costco Wholesale is continued to June 18, 2021, and the last day to complete expert discovery is continued to July 2, 2021. *See* Mot. 5.

The court requires further information before ruling on Defendants' request to continue the deadline to hear dispositive motions. By no later than June 7, 2021, Defendants shall file a letter explaining in detail the grounds for any dispositive motions they seek to file. The letter must also clearly explain in detail how the discovery that was incomplete as of April 22, 2021 is relevant and material to such motions. The letter may not exceed three single-spaced pages in length, including any attached exhibits or other supporting papers. By no later than June 10, 2021, any party who

will oppose the motion(s) must file a written response addressing the substance of Defendants' letter. The response may not exceed three single-spaced pages in length, including any attached exhibits or other supporting papers. The court will issue further instructions and/or an order on the request to continue the dispositive motions deadline following submission of the letters.

Finally, as to Defendants' unopposed request to continue the trial date and related pretrial deadlines, the July 21, 2021 pretrial conference and August 2, 2021 trial date are vacated. The court will reset the pretrial and trial dates after it receives the additional requested information and rules on Defendants' request to continue the dispositive motion deadline.

**IT IS SO ORDERED.**

Dated: June 2, 2021



_____
Donna M. Ryu
United States Magistrate Judge